UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DOMINIKA SZELAG ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED;

**COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

-against-

TBT RESTAURANT CORP. D/B/A TERESA'S
RESTAURANT, TERESA BRZOZOWSKA A/K/A
TERESA BRZOZOWSKA-RYS, TERESA DYBSKA,
BOGDAN BRZOZOWSKI,

Defendants.
-----------------------------------------------------------------X

## NATURE OF ACTION

1. Plaintiff bring this action to recover unpaid wages, unpaid minimum wage, liquidated damages, punitive damages, and reasonable attorney fees and costs from the Defendants, for whom the Plaintiff performed work.

2. Plaintiff was a busgirl and waitress employed in the Defendants' restaurant (the "Restaurant"). For a time prior to filing this Complaint, the Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiff a minimum wage by using an unlawful tip-credit, failing to pay a spread of hours premium and not paying Plaintiff her gratuities.

3. The Defendants utilized a tip credit to avoid having to pay the Plaintiff the full statutory Minimum Wage under the NYLL and FLSA. The Defendants did not provide the Plaintiff with proper notice to utilize a tip credit, did not keep track of the Plaintiff's work hours, did not pay the statutorily required direct wage, and took too large a tip credit. Because the Defendants did not take the necessary steps to utilize a proper tip credit, the Plaintiff was paid less than the Federal and New York State minimum wage for each hour worked.

   On information and belief, these specific violations were applied to every food service worker employed by the Defendants for the past six years (the "FLSA Class") and ("NYLL Class") ("Collectively the "Class Members").

## JURISDICTION AND VENUE

4. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

5. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

6. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

**THE PARTIES**

8.  Plaintiff Dominika Szelag ("Dominika") resides in Brooklyn, New York.

9.  Upon information and belief, Defendant TBT RESTAURANT CORP. D/B/A TERESA'S RESTAURANT ("Corporate Defendant") is a corporation formed in the State of New York and is located at 80 Montague Street, Brooklyn, NY 11201.

10. Upon information and belief, Defendant TERESA BRZOZOWSKA A/K/A TERESA BRZOZOWSKA-RYS ("Teresa") manages Corporate Defendant's restaurant Teresa's Restaurant, and is domiciled in the State of New York.

11. Upon information and belief, Defendant TERESA DYBSKA ("Ms. Dybska"), owns all or part of Corporate Defendant, and resides in the State of New York.

12. Upon information and belief, Defendant BOGDAN BRZOZOWSKI ("Mr. Brzozowski"), owns all or part of Corporate Defendant, and resides in the State of New York.

**Class Definition**

13. Plaintiff brings all causes of action of this lawsuit under the FLSA 29 U.S.C §216(b), as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former food service workers as defined by 12 N.Y.C.R.R §146-3.4 and all tipped employees as defined in 29 U.S.C 203(t) who were employed by TBT RESTAURANT CORP. D/B/A TERESA'S RESTAURANT ("Corporate Defendant") who performed work at 80 Montague Street, NY 11201 in the** TERESA'S RESTAURANT **in any workweek in the past three years ("FLSA Class").**

14. Plaintiff reserves the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

15. Plaintiff brings all causes of action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former food service workers as defined by 12 N.Y.C.R.R §146-3.4 and all tipped employees as defined in 29 U.S.C 203(t) who were employed by  TBT RESTAURANT CORP. D/B/A TERESA'S RESTAURANT ("Corporate Defendant") who performed work at 80 Montague Street, NY 11201 in the Noma Social restaurant/bar in any workweek in the past six years (the "New York Class").**

16. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary

**BACKGROUND FACTS**

17. Corporate Defendant is an "employer" under the FLSA.

18. Corporate Defendant is an "employer" under the NYLL.

19. Corporate Defendant is a restaurant.

2

20. Corporate Defendant is an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public[1].

21. Corporate Defendant is engaged in the hospitality industry under the NYLL.

22. During any period of time whatsoever starting six years prior to the filing of this Complaint,[2] Corporate Defendants had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

23. During any period of time whatsoever starting six years prior to the filing of this Complaint, Defendant Teresa had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

24. During any period of time whatsoever starting six years prior to the filing of this Complaint, Defendant Ms. Dybska had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

25. During any period of time whatsoever starting six years prior to the filing of this Complaint, Defendant Mr. Brzozowski had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

26. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

27. Corporate Defendant's annual revenues exceed $500,000 for the year 2018.

28. Corporate Defendant's annual revenues exceed $500,000 for the year 2017.

29. Corporate Defendant's annual revenues exceed $500,000 for the year 2016.

30. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

31. On information and belief, Corporate Defendant regularly employs an individual that regularly and customarily uses the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

[1] http://www.teresasbrooklyn.com/
[2] For purposes of this Complaint this time period shall be Referred to the "Relevant Time Period" and all allegations claimed herein refer to times within the Relevant Time Period.

32. On information and belief, Corporate Defendant regularly purchases goods from locations manufactured outside the State of New York and utilizes such products within the State of New York.

33. The business activities of the Corporate Defendant are related and performed through unified operation of common control for a common business purpose and constitutes an enterprise within the meaning of the FLSA.

34. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) cooking food, (2) advertising, (3) bookkeeping, (4) managing employees, and (5) selling alcoholic beverages (the "Related Activities").

35. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

36. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

37. During the Relevant Time Period, Corporate Defendant did not accurately record the Plaintiff's exact daily work start time and exact daily work end time.

38. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff and FLSA Class.

39. The Plaintiff was an employee of the Corporate Defendant during the Relevant Time Period.

40. The Plaintiff was not an independent contractor while performing services for Corporate Defendant during the Relevant Time Period.

41. Corporate Defendant provided all of the equipment and material for the Plaintiff to perform her job.

42. Corporate Defendant treated the Plaintiff as "cash" wage earner while employed.

43. Corporate Defendant set the Plaintiff's work schedule, and method and rate of pay.

44. Corporate Defendant assigned the Plaintiff the specific job duties to which they had to perform.

45. The Plaintiff was not free to hire other employees to work in their place to perform their job duties for Corporate Defendant.

46. The Plaintiff never had any ownership interest in Corporate Defendant and never invested capital into corporate defendant.

**Statutory Wage Notice Violations Applicable to Plaintiff**
**("Wage Notice Violations")**

47. Corporate Defendant failed to comply with the provisions of 12 NYCRR§146-2.3 by failing to provide each Plaintiff with an accurate paystub each week that the Plaintiff was paid by Defendants.

48. Corporate Defendant did not provide Plaintiff with a statement of wages [3] with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

49. Corporate Defendant failed to provide Plaintiff with a written notice of tip credit as required in 12 NYCRR §146-2.2 as a condition precedent to utilizing the tip credit as required by 12 NYCRR §146-1.3.

50. Corporate Defendant failed to provide Plaintiff with a written notice of pay rate.

51. Corporate Defendant failed to provide Plaintiff with a written notice of tip credit.

52. Corporate Defendant failed to provide Plaintiff with a written notice of pay day.

53. Corporate Defendant failed to provide Plaintiff with a written notice of tip credit as required in 29 C.F.R §531.59 as a condition precedent to utilizing the tip credit.

54. Corporate Defendant failed to provide Plaintiff with oral or written notice of the amount of cash wage the employer is paying the Plaintiff, which must be at least $2.13 per hour under the FLSA.

55. Corporate Defendant failed to provide Plaintiff with a written notice of the additional amount claimed by Corporate Defendant as a tip credit.

56. Corporate Defendant failed to provide Plaintiff with a written notice that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee.

57. Corporate Defendant failed to provide Plaintiff with a written notice that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

58. Corporate Defendant failed to provide Plaintiff with a written notice that that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

**UNLAWFUL TIP CREDIT PRACTICES APPLICABLE TO EACH PLAINTIFF**

---

[3] commonly referred to as a paystub.

**("UNLAWFUL TIP CREDIT PRACTICES")**

59. Plaintiff was a "food service worker" as defined in 12 NYCRR §146-3.4(a)[4].

60. Alternatively, Plaintiff was a "service worker" as defined in 12 NYCRR §146-3.3(a). Plaintiff was primarily engaged in the serving of food or beverages to guests, patrons or customers in Corporate Defendants' restaurant.

61. Plaintiff regularly received $30 or more in tips from Corporate Defendants' guests, patrons or customers.

62. Plaintiff did not perform food deliveries while working for Corporate Defendant.

63. Plaintiff was employees who were statutorily eligible to received shared tips under 12 NYCRR §146-2.14(e).

64. Plaintiff worked as both a bus girl and waitstaff while employed by Corporate Defendant.

65. As waitstaff, Plaintiff was responsible for serving beverages to customers dining at Corporate Defendants establishment.

66. Corporate Defendant used a tip credit as part of the compensation scheme for the Plaintiff.

67. During the Relevant Time Period, the Corporate Defendant failed to pay the Plaintiff at least the New York State minimum wage by its use of an unlawful tip credit.

68. During the Relevant time period, the Corporate Defendant failed to pay the Plaintiff at least the Federal minimum wage by its use of an unlawful tip credit.

69. Corporate Defendant paid other food service workers an hourly rate that was less than the NY Minimum wage by virtue of Corporate Defendants' utilization of a tip credit.

**UNLAWFUL UNDERPAYMENT OF WAGES APPLICABLE TO PLAINTIFF DOMINIKA SZELAG**

70. During the Relevant time period, the Corporate Defendant failed to pay the Plaintiff an extra hour of pay at the then prevailing NYS Minimum Wage Rate when the Plaintiff worked a shift exceeding 10 hours in length.

71. Plaintiff regularly worked shifts that exceeded 10 hours in length during her tenure of Employment with Corporate Defendant.

72. Dominika was employed by Corporate Defendants as a busgirl and waitress during three consecutive time periods between August 2016 and November 2018.

73. Dominika started working for Corporate Defendant as a busgirl on or around August 2016. She worked until September 26, 2016. During this time period she regularly worked over 46 hours per week. She was paid $10.00 per regular and overtime hour. Dominika regularly worked shifts that exceeded 10 hours per shift.

74. Dominika once again worked for Corporate Defendant as a bus girl on or about March 31,

---

[4] All references to the NYS Hospitality Wage Order concerning any Plaintiff or putative plaintiff refers to the Wage Orders that were in effect during such Plaintiff's tenure of employment with Defendants.

2017 and stopped working on or about February 9, 2018. During this time period she regularly worked over 52 hours per week and sometimes as much as 59 hours per week. From approximately March 31, 2017 to October 27, 2017 she was paid $10.00 per regular and overtime hour. From on or about October 28, 2017 to February 9, 2018 she was paid $11.00 per regular and overtime hour worked for working Monday - Thursday and $12.00 per regular and overtime hour worked for working Friday – Sunday.  Dominika regularly worked shifts that exceeded 10 hours per shift.

75. Dominika started working for Corporate Defendant as a waitress on or about June 26, 2018 and stopped working on or about November 11, 2018. She was paid $1.50 per hour plus tips. Dominika regularly worked over 46 hours per week.

76. Throughout her employment Defendants paid Dominika her wages in cash.

77. No notification, either in the form of posted notices or other means, was ever given to Dominika regarding overtime and wages under the FLSA and NYLL.

78. Defendants did not provide any notice to Dominika, in English and Polish (Dominika's primary language) of her rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

79. Dominika performed work for Corporate Defendant during the 2018 calendar year.

80. Dominika performed work for Corporate Defendant during the 2017 calendar year

81. Dominika performed work for Corporate Defendant during the 2016 calendar year.

82. Dominika was subject to the Unlawful Tip Credit Practices described herein.

83. Dominika was subject to the Wage Notice Violations described herein.

84. Corporate Defendant never paid Dominika an extra hour of pay at then prevailing NYS Minimum Wage Rate for any shift worked that exceeded 10 hours in length.

85. Dominika never had the power to hire or fire employees, control employee work hours or otherwise control other employee work conditions.

## Collective Action Allegations

86. Plaintiff brings this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

87. Plaintiff desires to pursue their FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

88. Plaintiff and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as food service workers under Corporate Defendant's previously described common pay practices, and because of such practices, were not paid the full and legally-mandated minimum wage for hours worked. Resolution of this action requires inquiry into common facts, including, inter alia, Corporate Defendant's common compensation, timekeeping and payroll practices.

89. Specifically, Corporate Defendant typically paid Plaintiff and the FLSA Class by using an

unlawful tip credit, failing to provide employees with proper notices of the pay structure, failing to pay employees the proper direct wage, failing to pay employees overtime and minimum wage, failing to pay a spread of hours premium and not maintaining proper record of employee work hours.

90. The Similarly-Situated employees are known to Corporate Defendant, are readily identifiable, and may be located through Corporate Defendant's records and the records of any payroll company that Corporate Defendant uses. Corporate Defendant employs FLSA Class Members through the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## Class Action Allegations

91. Plaintiff bring this action as a class action under Fed. R. Civ. P. 23 on behalf of herself and the New York Class defined above.

92. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

93. Plaintiff will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiff and those of the New York Class, and Plaintiff's claims are typical of the claims of the New York Class. Plaintiff's counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

94. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Corporate Defendant has violated and continues to violate the laws of New York through its policy or practice of not paying its employees for all hours worked, at applicable minimum wages and providing proper and adequate wage notices.

95. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiff is a member of the New York Class, (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiff is similar to the injuries suffered by the New York Class members.

96. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

97. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and

efficient adjudication of this controversy. The New York Class is readily identifiable from Corporate Defendant's own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Corporate Defendant.

98. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against Corporate Defendant. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

99. Without a class action, Corporate Defendant will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.


## FIRST CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191

100.    Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

101.    Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

102.    Defendants failed to pay Plaintiff her wages as required by NYLL §191 by not paying her all wages owed wages within the statutory time-period.

103.    On information and belief, Defendants engaged in an ongoing practice of failing to remit to Plaintiff all wages due as a result of an unlawful tip-credit, failing to provide a spread of hours premium and withholding gratuities.

104.    Because of Defendants' unlawful withholding of wages, Plaintiff suffered harm.


## SECOND CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))

105.    Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

106.    Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiff with a required notice containing the following information:

    i.    the rates or rates of pay and basis thereof,

    ii.   whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or

lodging allowances;

    iii.   the regular pay designated by the employer in accordance with NYLL §191;

    iv.   the name of the employer;

    v.   Any "doing business as" names used by the employer;

    vi.   The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii.   The telephone number of the employer

107.    Defendant willfully failed to furnish Plaintiff with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

108.    Due to Defendants' violation of NYLL §195(1), Plaintiff is entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

109.    Defendants failed to provide Plaintiff a statement with each payment of wages that sets forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

110.    Due to Defendants' violation of NYLL §195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

**THIRD CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**(Federal)**
**29 U.S.C §206**

111.    Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

112.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

113.    Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the FLSA and the supporting Federal Regulations.

114.    Because of Defendants' unlawful acts, Plaintiff has been deprived of minimum compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other

compensation pursuant to the FLSA.

115.       Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

116.       Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### FOURTH CAUSE OF ACTION
**(Failure to pay minimum wage)**
**(NY STATE)**
**12 N.Y.C.R.R §146-1.2**

117.       Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

118.       The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiff.

119.       Defendants failed to pay Plaintiff the minimum wages to which she was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

120.       By Defendants' knowing or intentional failure to pay Plaintiff her minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

121.       Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

### FIFTH CAUSE OF ACTION
**(Failure to pay Spread of Hours)**
**(NY STATE)**

122.       Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

123.       The spread of hours provisions of 12 NYCRR §146-1.6 and its supporting regulations apply to Defendants and protect the Plaintiff.

124.       Defendants failed to pay the Plaintiff an extra hour of pay at the then prevailing NYS minimum wage rate for each shift they worked that exceeded 10 hours in length.

125.       By Defendants' knowing or intentional failure to pay the Plaintiff an extra hour of pay at the then prevailing NYS minimum wage rate for each shift she worked that exceeded 10 hours in length, they have willfully violated 12 NYCRR §146-1.6, and the supporting New York State Department of Labor Regulations.

126.       Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

11

## SIXTH CAUSE OF ACTION
### (Failure to pay overtime)
### (Federal- 29 USC 201 et. seq.)

127.     Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

128.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

129.     Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the FLSA and the supporting Federal Regulations.

130.      Because of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

131.      Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

132.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## SEVENTH CAUSE OF ACTION
### (Failure to pay overtime)
### (New York State)

133.     Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

134.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiff.

135.     Defendants failed to pay the Plaintiff overtime wages to which Plaintiff was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

136.     By the Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

137.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seek the following relief:

A.        An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B.        Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C.        An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

D.        An award of compensatory, pecuniary and non-pecuniary damages in an amount to be determined by a trier of fact;

E.        Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

F.        Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

G.        Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

H.        Unpaid wages pursuant to 12 NYCRR §146-1.6 as and for a spread of hours premium and an equal amount as liquidated damages for each day in which the Plaintiff worked a shift that spans 10 hours in length or more.

I.        Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

J.        Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

K.        Pre-judgment interest and post-judgment interest;

L.        Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

M.        An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

N.        Reasonable attorney fees and costs of the action;

O.       Pre-judgment interest and post judgment interest;

P.       Such other relief as this Court shall deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:    White Plains, New York
          February 27, 2019

EL-HAG & ASSOCIATES, P.C

_____

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com

14